## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FREDERICK EARL WARREN,

    PETITIONER,

v.                                                          CASE NO.: CV-05-J-2352-S

WARDEN J.G. GILES, et al.,

    RESPONDENTS.

## **MEMORANDUM OPINION**

Petitioner, Frederick Earl Warren, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the validity of his January 6, 2004, conviction in the Circuit Court of Jefferson County, Alabama, on charges of second degree assault and two counts of criminal mischief, for which petitioner was sentenced to twelve years incarceration.[1] Exhibits C-1 - C-3. An Order to Show Cause was issued to respondents (doc. 3) and respondents thereafter filed an answer and exhibits (doc. 4). The petitioner was given twenty days to file an opposition to the respondents' answer (doc. 5). To date, the court has received no such opposition.

The petitioner appealed his conviction to the Alabama Court of Criminal Appeals. On December 17, 2004, the Court of Appeals affirmed petitioner's conviction in a memorandum opinion. Exhibit B. Although no documents have been submitted to the court in support of their assertions, the respondents do state that the

---

[1] The petitioner was to receive a split sentence with three years to serve and the balance of the sentence to be served over three years, or in the alternative sentence of "time served" upon completion of anger management and substance abuse programs, with the balance to be served over three years. *See* Exhibits B and C-1 through C-3.

petitioner filed an application for rehearing, which was denied on April 8, 2005, and a Petition for Writ of Certiorari, which was also denied on April 8, 2005. Respondents' answer, at 4. This petition followed on November 15, 2005. No petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.App. has been filed by Warren.

> In this petition, Warren contends that:
>
> Claim A: The trial court erred by denying his motion for judgment of acquittal because the victim failed to produce any receipts in support of his claim of damages to a "1994 Chevy Caviler (sic) 4 door"
>
> Claim B: The trial court erred by denying his motion for judgment of acquittal because the victim failed to produce any receipts in support of his claim of damages to a "1978 chevy Pickup truck 2 door;"[2]
>
> Claim C: The trial court erred by denying his motion for judgment of acquittal because no proof of the hospital bills incurred by the victim were submitted to the jury;
>
> Claim D: The trial court erred by denying his motion for judgment of acquittal by failing to contact the city court judge for evidence that the victim had been told he could not have any more warrants against the petitioner.

On appeal to the Alabama Court of Criminal Appeals, the petitioner argued that no proof was presented to the trial court that the cost to repair the vehicles in question was reasonable and that "the wooden chair leg used to strike Morris was not a deadly

---

[2] Although the transcript of the trial has not been provided to this court, the respondent states damage to this truck was the subject of Count I of the Criminal Mischief charge in CC 03-3783. The case action summary sheet from that charge reflects that the petitioner was found "not Guilty" of this charge. Exhibit C-3.

or dangerous instrument...." Exhibit B, at 4-6.  The Court of Appeals held that the issue of whether the evidence of damage is "reasonable" is not an element of the offense of which the petitioner was found guilty.  Exhibit B, at 5.   The Court also held that based on the evidence concerning the petitioner's use of the chair leg, a jury could have found that the petitioner "used the chair leg intending to inflict a blow causing death or serious physical injury...." Exhibit B, at 7.

**CLAIMS A and B:**

The court can only describe these claims as challenges to the sufficiency of the evidence used to convict the petitioner.  The court is of the opinion that these claims are procedurally barred.  As the evidence sufficient to determine damages resulting from a criminal act is a matter of Alabama law, these claims present an issue of state law that is not cognizable on federal habeas review.  A state rule concerning the sufficiency of proof of the elements of a criminal offense has no independent constitutional footing.  *Autry v. Estelle,* 706 F.2d 1394, 1407 (5th Cir.1983) (citation omitted).  *See also* 28 U.S.C. § 2254(a), (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. *Thompson v.*

*Nagle,* 118 F.3d 1442, 1448 (11th Cir.1997)(citing *Jackson v. Virginia,* 443 U.S. 307, 314, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)), *cert. denied,* 522 U.S. 1125 (1998). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offenses beyond a reasonable doubt. *Thompson,* 118 F.3d at 1448.  The petitioner does not challenge his conviction based on the elements of Criminal Mischief in the first degree, but rather whether the evidence of damages (an element of that crime) was proven in the same amount claimed by the victim.  As petitioner cannot demonstrate that the production of receipts concerning the true amount of damages was an element of the offense, he certainly cannot show any infringement of his constitutional rights resulting from the failure of that proof.  See e.g., *Jolly v. McDonough,* 2006 WL 1540284, *8 (M.D.Fla.2006).  The court shall dismiss these claims by separate Order.

**CLAIMS C and D**:

The court finds that these claims are procedurally defaulted as the petitioner did not raise these claims on direct appeal. Pursuant to § 2254(b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody ... shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the courts of the State
> (B)(i) there is an absence of available State corrective process; or

>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The petitioner could have challenged the evidence concerning medical bills and the trial judge's failure to allow evidence concerning a city court judge's determinations on direct appeal, but did not. The law regarding such failures is clear:

> Habeas petitioners generally cannot raise claims in federal court that were not first exhausted in state court. *See, e.g., Snowden v. Singletary,* 135 F.3d 732, 735 (11th Cir.1998). To properly exhaust a claim, "the petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits." *Keeney,* 504 U.S. at 10, 112 S.Ct. at 1720. It is not sufficient merely that the federal habeas petitioner has been through the state courts, *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made, *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (citations omitted). The petitioner must present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim." *Picard,* 404 U.S. at 277, 92 S.Ct. at 513 (alteration in original).

*Kelley v. Secretary for Dept. of Corrections,* 377 F.3d 1317, 1343-1344 (11th Cir.2004). See also *Johnson v. Alabama,* 256 F.3d 1156, 1170 (11th Cir.2001). A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from litigating that claim in federal court absent a showing of "cause for"and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). When a petitioner simply never raised a claim in state court, or on appeal, and it is obvious that the unexhausted

claim would now be procedurally barred due to a state-law procedural defect, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal. *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir.1998), *cert denied*, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998). *See also* 28 U.S.C. § 2254(b)(1)(A). Additionally, the petitioner has failed to present any evidence of cause for and prejudice from the default. This claim is due to be dismissed.

The court finding that the claims raised by the petitioner are due to be dismissed, the petition for writ of habeas corpus shall be denied by separate Order.

**DONE** this the 28th day of June, 2006.

*[signature]*

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE